UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES TINSON,

        Plaintiff,

v.                       CASE No. 8:11-CV-2749-T-23TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

REPORT AND RECOMMENDATION

        The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* The decision of the Commissioner of Social Security found that the plaintiff had a severe impairment of cyclic vomiting syndrome, but inconsistently did not assign any functional limitations to that impairment and did not explain that inconsistency. Therefore, I recommend that the decision be reversed and the matter remanded for further consideration.

_____

      *This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was thirty-nine years old at the time of the most recent administrative hearing and who has an eleventh grade education, has been employed as a groundsman, shirt presser, and hospital transporter (Tr. 37-40).   He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to diabetes, gastroparesis, hypertension, and depression (Tr. 190). His claims were denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge.   The law judge found that the plaintiff had severe impairments of diabetes mellitus, hypertension, gastroparesis, and cyclic vomiting syndrome (Tr. 22).   He concluded that, with these impairments, the plaintiff can "perform less than the full range of medium work ... involving occasional climbing ladders and scaffolds but no ropes or at open heights" (Tr. 24). The law judge determined that the plaintiff could return to his past work as a groundsman, shirt presser, and hospital transporter (Tr. 28). The law judge therefore ruled that the plaintiff was not disabled (Tr. 28-29). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff attacks the law judge's decision on five grounds. One of the contentions is that the law judge's residual functional capacity finding is not supported by substantial evidence because it fails to include limitations from the plaintiff's cyclic vomiting syndrome. That contention has merit and warrants remand.

The plaintiff testified he has spells of vomiting that last for two to three days, during which he will vomit between 10 to 25 times per day (Tr. 47). He stated that his condition is getting worse and that these spells now occur every two to three weeks (Tr. 41). The plaintiff asserts that this condition has resulted in 17 emergency room visits in 20 months (Doc. 15, p. 13).

The law judge found that the cyclic vomiting syndrome was a severe impairment (Tr. 22). The regulations define a non-severe impairment as one that "does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a), 416.921(a). Consequently, the law judge's finding that the plaintiff had a severe impairment of cyclic vomiting syndrome means that this condition significantly affected the plaintiff's ability to perform basic work activities.

The law judge, however, did not include in the plaintiff's residual functional capacity any functional limitation arising from the plaintiff's cyclic vomiting syndrome. The only functional limitations found by the law judge were restrictions to "medium work ... involving occasional climbing ladders and scaffolds but no ropes or at open heights" (Tr. 24). Those limitations clearly do not accommodate the plaintiff's problems from his severe impairment of cyclic vomiting syndrome. It would certainly seem that the plaintiff's condition would result in unscheduled breaks and absences from work. The law judge made no attempt to explain why the plaintiff's work capacity would not be significantly affected by such interferences with work.

Moreover, the significance of the flawed residual functional capacity is reflected in the law judge's hypothetical questions to the vocational expert. When the expert was asked to assume that a hypothetical individual with the plaintiff's profile would need to take five to ten breaks, twice a week, he responded that "[i]t would make the job difficult" (Tr. 57-58). Further, when asked by the plaintiff's attorney whether the individual would be able to perform any work in the national economy if he had to miss four days a month due to cyclic vomiting, the vocational expert said "[n]o"

(Tr. 59). Therefore, a proper evaluation of the functional limitations from the plaintiff's severe impairment of cyclic vomiting syndrom was critical to a finding whether the plaintiff was disabled.

Notably, the thrust of the Commissioner's argument is that the plaintiff does not suffer significantly from cyclic vomiting syndrome (see Doc. 16, pp. 4-7). The problem with that contention is that the law judge found otherwise. Thus, the law judge concluded that the plaintiff suffered from cyclic vomiting syndrome, and that it was a severe impairment. Having made that finding, the law judge could not logically fail to find functional limitations from that severe impairment. Consequently, a remand is warranted.

The plaintiff raises other challenges to the law judge's decision, while mistakenly asserting that the law judge restricted the plaintiff to light work. In view of the remand, it is unnecessary to address those contentions, since following the remand a new decision will be issued and the specific challenges in all likelihood will be rendered moot.

IV.

For the foregoing reasons, the decision of the Commissioner fails adequately, and reasonably, to assess the plaintiff's impairment of cyclic

vomiting syndrome. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

_Thomas G. Wilson_

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER _19_, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).